By the Court.
This cause originated in the court of common pleas and was an action in partition to apart 160 acres of land between plaintiff in error Blanche Johnston and defendant in error Mabel Deaton, the other plaintiff in error and other defendant in error being their respective husbands. The 160 acres consisted of two 80-acre tracts with separate sets of buildings.
The commissioners appointed reported that the premises could not be divided without manifest injury, and appraised each 80-acre tract separately.
The plaintiffs in error objected to the refusal of the commissioners to apart the premises, and to the appraisement. The court of common pleas overruled the objection to the report of the commissioners and confirmed the report, and ordered the premises sold. From this order the plaintiffs in error appealed to the court of appeals. The court of ap *286 peals dismissed the appeal sua sponte, holding “no appeal lies from the order under consideration.”
The jurisdiction of the court of appeals is now fixed 'by Section 6, Article IV of the Constitution: ‘ ‘ The courts of appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and appellate jurisdiction in the trial of chancery cases.”
This court in the case of Wagner v. Armstrong, 93 Ohio St., 443, held: “All partition cases were originally cognizable in courts of chancery only and must still be regarded as chancery cases and therefore appealable under such terms and procedure as may be provided by law.”
In the case of Thompson v. Denton, 95 Ohio St., 333, this court held: “Under the provisions of Section '6, Article IV of the Constitution of Ohio, an appeal will lie to the court of appeals from an order of the court of common pleas fixing fully and finally .the compensation for the services of a receiver in a chancery case.” And in so holding it was necessary for the court tohold that the fixing of the receiver’s fee was a final order rendered in a chancery case.
In the case of Chandler & Taylor Co. v. Southern Pacific Co., 104 Ohio St., 188, this court held: “Such interpretation must be given a provision of the constitution as will promote the object of the people in adopting it, and narrow and technical definitions of particular words should be avoided. In obedience to this rule the term ‘judgments’ appearing in Section 6, Article IV of the Constitution as amended in 1912, is used in its broad and generally accepted meaning and not in that restricted meaning formerly *287 given it by the legislature in Section 11582, General Code. The term comprehends all decrees and final orders rendered by a court of competent jurisdiction and which determine the rights of parties affected thereby.”
The confirmation of the report of the commissioners by the court of common pleas finally excluded plaintiff in error Blanche Johnston from her right to have aparted to her the one-half of the real estate which belonged to her in common with defendant in error Mabel Deaton, compelled her to allow her property to be offered for sale to the public, and required her, if she desired to re-acquire a portion of it, to compete with the public in so acquiring it, and was, therefore, a final order affecting her substantial rights therein.
Since the adoption of the Constitution of 1912 the case of McRoberts v. Lockwood, 49 Ohio St., 374, no longer controls.
The judgment of the court of appeals dismissing the appeal will be reversed and the cause remanded to that court with instructions to entertain the appeal.

Judgment reversed.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.